IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JASON EAGAN,

    Plaintiff,

v.

VILLAGE OF WESTMONT, WESTMONT
CHIEF OF POLICE RANDELL E. STICHA, in
his individual capacity, MEMBERS OF THE
BOARD OF FIRE AND POLICE COMMISSIONERS,
ROBERT T. MACIEJEWSKI, SR., ROBERT J.
KOVANDA, and ROBERT SCOTT in their individual
capacities,

    Defendants.

Case No. 02C 6425

Jury Trial Requested

JUDGE HOLDERMAN
MAGISTRATE JUDGE
GERALDINE SOAT BROWN

DOCKETED
SEP 11 2002

## COMPLAINT

NOW COMES Plaintiff, JASON EAGAN, by and through his attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendants, Village of Westmont, et al., states as follows:

### Preliminary Statement

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by 42 U.S.C. § 1983 to redress the deprivation under color of statute, ordinance, regulations, custom or usage of rights secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, namely the right to equal protection of the laws. Plaintiff seeks mandatory declaratory relief and damages to redress the unlawful practices as engaged in by Defendants.

### Jurisdictional Statement

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and (4)

1

and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1983. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

### Venue

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

### Parties

4. Plaintiff, JASON EAGAN, is a citizen of the United States who resides in Illinois and has at all relevant times served as a probationary police officer for the Village of Westmont.

5. Defendant, Village of Westmont, is a unit of local government and a person within the meaning of 42 U.S.C. § 1983. Village of Westmont Members of the Board of Fire and Police Commissioners, Robert T. Maciejeweski, Sr., Robert J. Kovanda, and Robert Scott are the highest ranking final policy-making officials of the Village of Westmont and/or are vested with such authority by delegation in the area of establishing policies, terms, and conditions of employment for the Village of Westmont Police Department and its personnel.

6. Defendant, Village of Westmont Chief of Police, Randall E. Sticha, named in his official and individual capacities is the highest ranking final policy-making official of the Village of Westmont and/or is vested with such authority by delegation in the area of establishing the terms and conditions of employment for the officers under his command, and his acts and omissions were numerous, pervasive, and continuous enough such that these acts and omissions amounted to Village of Westmont policy.

7. The decision-making and final policy-making authority of Defendant, Chief of Police, Randall Sticha, was invoked to deprive Plaintiff of his Constitutional rights secured under the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 in so far

as Chief Sticha exercised his inherent and delegated authority as a final policy-maker to influence the Board of Fire and Police Commissioners' decision to terminate Plaintiff's employment with the Village of Westmont Police Department to such an extent that Chief Sticha was the effective cause of Plaintiff's termination.

## COUNT I

## FOURTEENTH AMENDMENT

## DENIAL OF EQUAL PROTECTION OF THE LAW

## 42 U.S.C. § 1983

All § 1983 claims alleged hereinafter pertain to Defendants, Randall E. Sticha, Robert T. Maciejewski, Sr., Robert J. Kovanda, and Robert Scott, named in their individual capacities. As Defendants named in their individual capacities, Plaintiff seeks actual damages, compensatory damages, consequential damages, exemplary, and punitive damages and any other relief the court deems appropriate under 42 U.S.C. § 1983. As to the Village of Westmont, Plaintiff seeks prospective injunctive relief under 42 U.S.C. § 1983.

8. Paragraphs one (1) through seven (7) are incorporated by reference as though fully set out herein.

9. The acts and omissions alleged herein were committed with the knowledge, acquiescence, and active participation of Chief Sticha and the individually named members of the Board of Fire and Police Commissioners.

10. Chief Sticha and the individually named members of the Board of Fire and Police Commissioners intentionally subjected Plaintiff to less favorable terms and conditions of his employment than similarly situated probationary police officers under Chief Sticha's command,

3

and Defendants can assert no rational basis for the difference in treatment.

11. Chief Sticha was motivated by a spiteful and abandoned discriminatory effort to punish and cause career detriment to Plaintiff by subjecting him to unwarranted discipline, including, but not limited to, causing Plaintiff to be fired from the Westmont Police Department.

12. On June 18, 2002, after taking Plaintiff's service weapon, Sergeant Carlson summoned Plaintiff to Chief Sticha's office where Detective Gunther and Sergeant Carlson joined Chief Sticha and Plaintiff to witness Chief Sticha fire Plaintiff.

13. During the June 18, 2002 meeting in Chief Sticha's office, Chief Sticha presented Plaintiff with a letter from the Board of Fire and Police Commissioners advising Plaintiff that his employment with the Westmont Police Department had been terminated effective immediately for the purported reason that Plaintiff had not met the performance standards required of a Police Officer with the Westmont Police Department.

14. Upon reviewing the letter of termination, Plaintiff expressed to Chief Sticha that he did not understand the purported reason for which he had been terminated and further expressed that he had not previously been advised that he was not meeting the requirements of a probationary police officer.

15. Chief Sticha explained to Plaintiff that he had received letters from other Sergeants and Field Training Officers indicating that Plaintiff was not meeting requirements and had not corrected his job performance after receiving advice from members of the Police Department.

16. The only example offered to Plaintiff, during the June 18, 2002 termination meeting, of his failure to meet the performance standards of a police officer with the Westmont

Police Department was an incident which took place some fourteen months prior to his termination in which Plaintiff acknowledged that his tongue in cheek remark about detectives was not appropriate for a probationary police officer to make; Detective Gunther in turn acknowledged that Plaintiff had immediately recognized his mistake at the time of the incident and apologized for making a comment intended in good humor, but nevertheless inappropriate for an officer in his position. Detective Gunther further acknowledged during the June 18, 2002 termination meeting that he had accepted Plaintiff's apology at the time of the incident.

17. According to the Westmont Police Department General Orders, supervisors should not wait for an evaluation to discuss or correct negative or substandard performance with an employee, and in addition, probationary employees, once they have completed the Field Training and Evaluation Program must be evaluated each five week period by the Watch Commander during the entire probationary period.

18. In contravention of the aforementioned General Orders, Plaintiff was not evaluated each five week period by the Watch Commander nor was he approached by supervisors to alert him to any of the purported performance deficiencies upon which his termination was allegedly based.

19. Throughout his Field Training and Evaluation Program, Plaintiff's Daily Observation Reports consistently reflect Plaintiff's achievement of acceptable levels of performance, and they further reflect his continual progress in correcting behavior highlighted as an area requiring improvement.

20. Plaintiff was consistently commended for strong performance in a number of areas, including, but not limited to, making D.U.I. arrests.

21. The acts or omissions alleged herein constitute reckless or callous indifference to Plaintiff's federally protected rights entitling him to seek punitive damages against Defendants named in their individual capacities.

22. Plaintiff continues to suffer the effects of Chief Sticha's course of spiteful and abandoned conduct which he has perpetrated against Plaintiff to his detriment, and without any rational or legitimate basis, while similarly situated probationary police officers whose performance and conduct did not surpass Plaintiff's were not subjected to Chief Sticha's irrational spite; these similarly situated officers continue to serve on the Westmont Police Department.

23. As a direct and proximate result of the alleged willful and reckless acts and omissions of Defendants, Plaintiff was deprived of federally protected rights in violation of 42 U.S.C. § 1983, and has suffered injury, including, but not limited to, pain and suffering, and lost wages and benefits.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the conduct of Defendants to be in violation of the rights guaranteed to Plaintiff under appropriate federal law;

B. Grant a permanent injunction restraining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully violates equal protection rights;

C. Order Defendants to make whole Plaintiff by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful practices, including, but not limited to,

any and all appropriate equitable and prospective injunctive relief;

D. Grant Plaintiff any consequential, compensatory, punitive and any other damages that the Court may deem appropriate as against Defendants in their individual capacities;

E. Grant Plaintiff his attorney's fees, costs, and disbursements; and

F. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

### Jury Trial Request

24. Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

>Respectfully submitted,
>Jason Eagan, Plaintiff
>
>By: _____
>Lisa Kane, Attorney for Plaintiff

Lisa Kane and Associates, P.C.
Attorney at Law
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney No. 06203093

**Verification**

I, Jason Eagan, declare under penalty of perjury that the foregoing is true and correct. Executed on this 9th day of September, 2002.

*Jason Eagan*

JS 44
(Rev. 07/89)

② CIVIL COVER SHEET

JUDGE HOLDERMAN
MAGISTRATE JUDGE
GERALDINE SOAT BROWN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

JASON EAGAN

**DEFENDANTS**

VILLAGE OF WESTMONT, et al.

DOCKETED
SEP 11 2002

02C 6425

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Kane___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT DuPage
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lisa Kane & Associates, P.C.
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN X FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐ | ☐ |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐ | ☐ |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐ | |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is an action seeking redress for violations of rights protected under the 14th Amendment of the Constitution and under 42 U.S. sec. 1983.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Org |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWW (405(g)) | |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | |
| ☐ 290 All Other Real Property | | | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to Judge Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ _____ Check YES only if demanded in complaint

JURY DEMAND: ☒ YES

**VIII. REMARKS** In response to ☒ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In the Matter of

JASON EAGAN

VS.

VILLAGE OF WESTMONT et al.

DOCKETED
SEP 1 1 2002

JUDGE HOLDERMAN

Case Number: 02C 6425

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

JASON EAGAN

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME LISA KANE | NAME JANICE A. WEGNER |
| FIRM LISA KANE & ASSOCIATES, P.C. | FIRM LISA KANE & ASSOCIATES, P.C. |
| STREET ADDRESS 120 South LaSalle Street, #1420 | STREET ADDRESS 120 South LaSalle Street, #1420 |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER 312-606-0383   FAX NUMBER | TELEPHONE NUMBER 312-606-0383   FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06203093 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06200062 |
| MEMBER OF TRIAL BAR?  YES X  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO X |
| TRIAL ATTORNEY?  YES X  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO X |
|  | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO X |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME ZACHARIAS C. LEONARD | NAME KEVIN VODAK |
| FIRM LISA KANE & ASSOCIATES, P.C. | FIRM LISA KANE & ASSOCIATES, P.C. |
| STREET ADDRESS 120 South LaSalle Street, #1420 | STREET ADDRESS 120 South LaSalle Street, #1420 |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER 312-606-0383   FAX NUMBER | TELEPHONE NUMBER 312-606-0383   FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06256274 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06270773 |
| MEMBER OF TRIAL BAR?  YES ☐  NO X | MEMBER OF TRIAL BAR?  YES ☐  NO X |
| TRIAL ATTORNEY?  YES X  NO ☐ | TRIAL ATTORNEY?  YES X  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO X | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO X |