ute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6425 | DATE | 1/10/2003 |
| CASE TITLE | EAGAN vs. VILLAGE OF WESTMONT et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss is denied. Defendants are given to January 27, 2003 to file their answer to the complaint. The parties are to conduct an FRCP 26(f) conference and file a form 35 by February 4, 2003. Status hearing is set for February 6, 2003 at 9:00 am. Lead counsel are directed to appear on February 6, 2003 at 9:00 am.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 1 3 2003 | |
| | Notified counsel by telephone. | date docketed | 10 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 1/10/2003 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| JS | courtroom deputy's initials | JS mailing deputy initials | |

02 C 6425

On September 10, 2002, plaintiff Jason Eagan ("Eagan") filed a one-count § 1983 claim against defendants Village of Westmont ("Village"); Village Chief of Police Randell E. Sticha ("Sticha") in his individual capacity; and members of the Board of Fire and Police Commissioners ("Board"), Robert T. Maciejewski, Sr., Robert J. Kovanda, and Robert Scott, in their individual capacities alleging Equal Protection violations. On November 13, 2002, defendants filed this motion to dismiss. For the following reasons, defendants' motion is denied.

Federal Rule of Civil Procedure 12(b)(6) allows this court to dismiss a complaint that fails to state a claim upon which relief can be granted. In considering the merits of a motion made pursuant to Rule 12(b)(6), the well-pled allegations of the complaint must be accepted as true. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). In addition, all ambiguities will be construed in favor of the non-moving party. Id. A court generally should only dismiss a complaint where it is clear that no relief could be granted consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The Rules do not require a plaintiff to plead any facts in order to survive a 12(b)(6) motion to dismiss; a plaintiff may plead conclusions. See McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). Rule 8(a) states that a complaint must identify the basis of jurisdiction and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992). Complaints can be "short and simple, giving the adversary notice while leaving the rest to further documents." Id. at 1078. In deciding a Rule 12(b)(6) motion to dismiss, this court must ask whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. See id. at 1077-78.

Defendants raise two arguments in their motion to dismiss: (1) that Eagan fails to allege facts sufficient to give notice of the basis for the alleged discrimination, and (2) that the members of the Board are entitled to absolute immunity for their judicial decisions.

First, the Supreme Court explicitly recognized the "class of one" Equal Protection theory in Village of Willowbrook v. Olech, 528 U.S. 562 (2000). Under this theory, a plaintiff must allege that he or "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564. In Hilton v. City of Wheeling, 209 F.3d 1005 (7th Cir. 2000), the Seventh Circuit interpreted "no rational basis" in the "class of one" context to require the plaintiff to "present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." Id. at 1008. The requirement of Hilton is an evidentiary standard to be applied at the summary judgment and trial phases of this litigation, not, as defendants argue, as a pleading requirement. However, Eagan meets this standard as well with respect to all defendants.

Paragraph 10 states a "class of one" cause of action against defendants. Eagan alleges that Sticha and the Board members "*intentionally* subjected Plaintiff to *less favorable* terms and conditions of his employment than *similarly situated* probationary police officers under Chief Sticha's command, and Defendants can assert *no rational basis* for the difference in treatment." (emphasis added) (Compl. ¶ 10.) Further, Eagan alleges that defendants' discriminatory conduct was the result of Sticha's "spiteful and abandoned discriminatory effort to punish and cause career detriment to Plaintiff." (Compl. ¶ 11.) (See also ¶ 22.) Thus, Eagan has alleged that he is a "class of one" as a result of Sticha's spiteful and abandoned conduct. Eagan also avers that all alleged acts and omissions were committed "with the knowledge, acquiescence, and active participation" of the individual Board members. (Compl. ¶ 9.) Accordingly, taking the allegations of the complaint as true, as this court must, the Board members, at a minimum, acquiesced in Sticha's allegedly personally motivated "spiteful and abandoned discriminatory effort" to fire Eagan. At this stage in the litigation, such allegation is enough to overcome a motion to dismiss.

Second, the Seventh Circuit has extended absolute immunity to members of a local liquor control commission acting in a judicial capacity. Reed v. Village of Shorewood, 704 F.2d 943, 951-52 (7th Cir. 1983); see also Sangirardi v. Village of Stickney, 1999 WL 1045223, at **2-3 (N.D. Ill. 1999) (finding absolute immunity for members of the local Board of Fire and Police Commissioners). In the case at hand, however, none of the allegations in Eagan's complaint states any conclusion that the individually named members of the Board acted in a judicial capacity when they terminated Eagan; nor can one be inferred. At this point, this court cannot go beyond the pleadings to determine the capacity in which the members were acting when they fired Eagan. Eagan's allegations state at most that the Board had employment authority over Eagan and other employees. (Compl. ¶¶ 5, 7, 13.) Therefore, although members of the Board may ultimately be entitled to some type of immunity, Eagan has not pled himself out of court by pleading facts that undermine the allegations set forth in his complaint. See McCormick, 230 F.3d at 325.

Defendants' arguments, if supported by the undisputed material facts, may supply a basis for summary judgment in their favor; however, taking Eagan's allegations as true, as this court must at this juncture, this court cannot find that no relief is possible under any set of circumstances. Accordingly, defendants' motion to dismiss is denied. Defendants are ordered to file an answer to Eagan's complaint on or before January 27, 2003. Counsel are to confer pursuant to Rule 26(f) and file a jointly completed Form 35 signed by counsel for each party on or before February 4, 2003. This case is set for a report on status and the entry of a scheduling order at 9:00 a.m. on February 6, 2003. The parties are strongly urged to discuss settlement prior to the scheduled status report.