Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6425 | DATE | 8/19/2003 |
| CASE TITLE | EAGAN vs. VILLAGE OF WESTMONT et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for summary judgment is granted. This action is dismissed in its entirety.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 2 0 2003 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 38 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 8/19/2003 date mailed notice | |
| JS | courtroom deputy's initials | JS mailing deputy initials | |

02 C 6425

On September 10, 2002, plaintiff Jason Eagan ("Eagan") filed a one-count § 1983 claim against defendants Village of Westmont ("Village"), Westmont Chief of Police Randall E. Sticha ("Sticha") in his individual capacity, and members of the Board of Fire and Police Commissioners ("Board"), Robert T. Maciejewski, Sr., Robert J. Kovanda, and Robert Scott in their individual capacities alleging Equal Protection violations. On June 16, 2003, defendants filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, defendants' motion is granted.

In his complaint, Eagan proceeds under the "class of one" Equal Protection theory recognized by the Supreme Court in Village of Willowbrook v. Olech, 528 U.S. 562 (2000). Under this theory, Eagan must establish that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564. To make out a prima facie case, Eagan must present evidence that defendants "deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." Purze v. Village of Winthrop Harbor, 286 F.3d 452, 455 (7th Cir. 2002). Furthermore, in order to succeed, Eagan must demonstrate that he was "treated differently than someone who is *prima facie* identical in all relevant respects, . . . and that the cause of the differential treatment is a totally illegitimate animus" toward Eagan. Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). If the defendants "would have taken the complained-of action anyway, even if [they] didn't have the animus, the animus would not condemn the action." Id. "Ill will must be the sole cause of the complained-of action" and "[a] showing of uneven law enforcement standing alone, will not suffice." Id. Upon careful review of the record, this court finds that Eagan has failed to show a genuine issue for trial, and based upon the undisputed facts, defendants are entitled to judgment as a matter of law on all claims.

With respect to Eagan's claims against Sticha and the Village, this court finds that Eagan has failed to establish that Chief Sticha treated Eagan differently than someone who is *prima facie* identical to him in all relevant respects. During the time Eagan was employed as a probationary officer, other than Eagan's reviews, all of the final reviews regarding other probationary officers prepared at the request of Chief Sticha by the sergeants and senior officers were positive and favorable. Eagan was the only probationary officer employed between December 2000 and June 2002 who had negative final reviews from the supervising sergeants and senior officers. There is simply no evidence of other similarly situated probationary officers treated differently by Sticha. Even if there was such evidence in the record, Eagan has wholly failed to establish that Sticha did not have *any rational basis* for the difference in treatment. There is evidence that Sticha was concerned with Eagan's possible dishonesty involving a certain workers' compensation claim Eagan filed in May 2002. Further, the opinion letters prepared for Sticha by sergeants and senior officers on Eagan's shift indicated, *inter alia*, that Eagan had displayed a poor attitude, was often defensive, angry, and unwilling to accept feedback when sergeants and senior officers attempted to counsel him, often lost his temper, displayed poor interpersonal and nonverbal skills, is not a team player, made a few questionable arrests, is not a well-rounded officer, and is overly aggressive and concerned with quantity over quality. (Def.'s 56.1(a)(3) Statement, Ex. D.) Sticha had not had any communications with the sergeants and senior officers regarding Eagan's probationary performance prior to soliciting their written opinions. Accepting as true Eagan's contention that Sticha was irrationally aggravated with Eagan after the phone call Eagan made to Sticha ask about a department policy, Eagan has nonetheless fallen far short of establishing that this alleged "ill-will" was the *sole cause* of Sticha's recommendation to the Board. In light of the severity of Eagan's negative reviews, Eagan has failed to establish that Sticha and the Village would not have taken the complained-of action anyway, without Sticha's alleged animus.

As to the Board and its members, this court finds that it need not discuss whether the Board's actions fall within the judicial immunity protection because this court finds a complete lack of evidence in the record that the Board deliberately sought to deprive Eagan of equal protection for reasons of a personal nature, unrelated to the duties of Eagan's position. From the time Eagan was hired until he was terminated, the only Board member who had any contact with Eagan was Robert Kovanda, and his only interaction was attending Eagan's graduation from the Chicago Police Academy to show support. Also, from the time Eagan was hired until he was terminated, no Board members ever had any verbal interaction with anyone about Eagan. Eagan offers evidence that the Board, as a matter of practice, sanctions the decision of the police chief with respect to a probationary officer's employment status and that Sticha influenced the Board's decision in various ways. In addition, Eagan contends that the Board failed to inquire into Eagan's formal written evaluations and took no steps to determine whether Eagan had been fairly and honestly evaluated. There is no evidence that the Board had any connection to Eagan or any reason to believe there were any personal motives behind Sticha's, or the sergeants and senior officers' representations. The fact that the Board relied on Sticha's, the sergeants' and senior officers' representations about Eagan without independent evaluation does not support Eagan's position that the Board harbored ill-will or illegitimate animus towards Eagan, especially since there is no evidence in the record that the Board or its members have treated similarly situated employees differently. Eagan presents some general evidence that at some point in time, it is not clear when, certain probationary officers with unsatisfactory reviews were brought before the Board and they all resigned voluntarily before the Board took any action. However, the record is completely void of any information as to who these officers were, when they were probationary officers, what type of reviews they received, or any other details surrounding their voluntary resignations. With this lack of evidence, this court cannot conclude that these unknown officers are *prima facie* identical to Eagan *in all relevant respects*.

For all the foregoing reasons, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.